IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES** | * | |
| | * | |
| v. | | CRIM. NO. JKB-16-0507 |
| | * | |
| **AARON ANDERSON,** | | |
| | * | |
| Defendant. | | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Aaron Anderson was sentenced in 2018 to 108 months' incarceration and 5 years' supervised release after pleading guilty to one count of conspiracy to possess and distribute heroin and one count of possession of a firearm in furtherance of a drug trafficking crime. (Judgment, ECF No. 36.) Anderson has now moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 43.[1]) The Motion is ripe for decision and no hearing is needed to resolve it. *See* Loc. Rs. 105.6, 207 (D. Md. 2023). The Motion will be denied.

Motions for compassionate release are governed by 18 U.S.C. § 3582(c)(1)(A). Under this section, a district court may modify a sentence imposed after conviction when "extraordinary and compelling reasons warrant such a reduction" and the court has "consider[ed] the [sentencing] factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). A defendant may move for compassionate release only after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the

---

[1] Also pending is a "Motion to Reduce Sentence" (ECF No. 39), which appears to be a duplicate of the instant Motion, filed in error. (*See* ECF No. 42 (directing defendant to refile ECF No. 39).) The Court determines that the filing of the instant Motion (ECF No. 43) mooted the earlier-in-time Motion (ECF No. 39), and accordingly the earlier-in-time Motion (ECF No. 39) is DENIED AS MOOT.

1

warden of the defendant's facility, whichever is earlier." *Id.* This exhaustion requirement is a non-jurisdictional claim-processing rule. *United States v. Muhammad*, 16 F.4th 126, 130 (4th Cir. 2021). Anderson asserts, and the Government does not dispute, that he exhausted his administrative remedies before moving the Court for compassionate release. (Mem. Supp. Mot. Compassionate Release, ECF No. 48-1, at 1; *see generally* Resp. Opp'n Mot. Compassionate Release, ECF No. 57.) Accordingly, the Court will consider the merits of his Motion.

## I.   *Analysis*

The United States Sentencing Commission, pursuant to its mandate under 28 U.S.C. § 994(t) to "describe what should be considered extraordinary and compelling reasons for sentence reduction," has stated that such reasons exist where: (1) a defendant has a terminal or serious medical condition; (2) a defendant with deteriorating health is at least sixty-five years old and has served ten years or 75% of their term of imprisonment; (3) certain family circumstances arise in which a defendant must serve as a caregiver for minor children or a partner; or (4) the Bureau of Prisons ("BOP") determines other circumstances create "extraordinary and compelling reasons" for sentence reduction. *See* U.S.S.G. § 1B1.13 cmt. n.1 (A)–(D). Following the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), which "removed the BOP from [its] gatekeeping role," the Court of Appeals for the Fourth Circuit has affirmed that "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *United States v. McCoy*, 981 F.3d 271, 274, 284 (4th Cir. 2020) (emphasis in original) (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)).

Anderson argues that his various health conditions, including "dyspnea, hypertension, enlarged lymph nodes[,] elevated blood sugar[,]" and a history of smoking and "pleural effusion," put him at increased risk of contracting a serious case of COVID-19 while in custody. (Mem.

2

Supp. Mot. Compassionate Release at 1–2.) In response, the Government argues that these conditions do not put Anderson at extreme risk for serious disease, particularly given that he has been vaccinated against COVID-19. (Resp. Opp'n Mot. Compassionate Release at 3–4.) The Government also points out that since his Motion was filed, Anderson has been placed at a residential reentry center in anticipation of his release from custody, a fact which "may 'ameliorate' concerns about COVID-19 or otherwise weaken [his] claim for [compassionate release] . . . based on the threat of COVID-19 in a prison setting." (*Id.* at 4–5 (quoting *United States v. Harvey*, Crim. No. CCB-11-578, 2022 WL 2805669, at *2 n.3 (D. Md. July 18, 2022).)

While the Court appreciates Anderson's health concerns, it concludes that his stated risk factors are insufficient to establish an extraordinary and compelling reason warranting compassionate release at this stage of the pandemic, particularly because he has been vaccinated against COVID-19. *See United States v. Langford*, Crim. No. JKB-15-0539, 2022 WL 1443868, at *2 (D. Md. May 6, 2022) (concluding the "widespread availability of vaccines . . . tip[ped] the balance against" finding that defendant's hypertension, obesity, and unsubstantiated cancer diagnosis constituted extraordinary and compelling reasons). Moreover, Anderson's intervening release to a residential reentry center moots his arguments about the conditions of his former prison facility, and the Court cannot determine, on the present record, "whether his remaining in BOP custody" at a halfway house "poses a greater risk to him than would otherwise exist if he were released to the community."[2,3] *United States v. Ayala-Pizzaro*, Crim. No. CCB-13-407, 2021 WL 1265233, at *2 (D. Md. Apr. 6, 2021). Because Anderson has presented no extraordinary and

---

[2] Anderson also argues that his portrayal in the HBO series "We Own This City" was "unwanted attention [that] potentially places [him] in danger while incarcerated[.]" (Mem. Supp. Mot. Compassionate Release at 5.) Anderson's intervening release to a halfway house seemingly moots this argument as well.

[3] Anderson argues that his cooperation and testimony against members of the Gun Trace Task Force weighs in favor of his compassionate release. (*See* Mem. Supp. Mot. Compassionate Release at 5.) While the Court appreciates Anderson's cooperation, it does not find that cooperation alone constitutes an extraordinary and compelling reason warranting compassionate release.

3

compelling reason warranting his compassionate release, the Court need not conduct a § 3553(a) analysis. *See* 18 U.S.C. § 3582(c)(1)(A).

## II.  Conclusion

For the reasons stated above, it is hereby ORDERED that Aaron Anderson's Motion for Compassionate Release (ECF No. 43) is DENIED.

DATED this 14 day of July, 2023.

BY THE COURT:

James K. Bredar
Chief Judge
